# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41719
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 22, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARMEN TORRES-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-682-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Carmen Torres-Hernandez appeals the 60-month sentence imposed following his guilty plea conviction for illegal reentry. The sentence represents an upward variance from the applicable guidelines range of 21–27 months. On appeal, Torres-Hernandez contends that his sentence is substantively unreasonable. He asserts that the district court gave undue weight to his criminal history because his prior Texas murder conviction was old and he had

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not yet been convicted of any offense related to a recent arrest.  He maintains that the district court's reference to his history and characteristics, the need for deterrence, and the need to protect the public was not sufficiently specific to support the variance.  In addition, Torres-Hernandez argues that the extent of the variance was excessive because a 60-month sentence would exceed the applicable guidelines range if his prior murder conviction had been considered under an earlier version of the Sentencing Guidelines or if he had received criminal history points for stale convictions.

To the extent that Torres-Hernandez's appellate brief may be construed as challenging the sufficiency of the reasons provided by the district court, he did not preserve this argument, and we review for plain error.  *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  Torres-Hernandez had not shown that the district court's statements, though minimal, precluded "meaningful appellate review."  *Id.* at 360 (internal quotation marks and citation omitted).  Even if we were to conclude that the district court should have said more to explain its sentence, Torres-Hernandez is unable to show that the error affects his substantial rights because there is no indication that a more thorough explanation would have changed the sentence.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *Mondragon-Santiago*, 564 F.3d at 364-65.

As for Torres-Hernandez's allegations of substantive unreasonableness, we review such allegations, in light of the 18 U.S.C. § 3553(a) factors, under an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 49-51 (2007).  The record confirms that the district court considered counsel's arguments and made an individualized assessment of the § 3553(a) factors, determining that the seriousness of the prior offense, the need to deter future misconduct, and the need to protect the public outweighed the age of the offense and Torres-

No. 16-41719

Hernandez's benign motives for returning to the United States and warranted an above-guidelines sentence. *See Gall,* 552 U.S. at 49-50; § 3553(a)(1), (2)(B), (C). Torres-Hernandez has not shown that either the court's focus on his criminal history or its consideration of the circumstances surrounding his arrest failed to take into account "a factor that should have received significant weight," gave weight "to an irrelevant or improper factor," or represented "a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

As for the increase to 60 months from the 27-month top of the guidelines range, this court has upheld variances and departures greater than the increase to Torres-Hernandez's sentence. *See United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006). Torres-Hernandez cites to no authority for the proposition that a reasonable extent of an upward variance must be defined by a guidelines range based on an alternative guidelines calculation. He has failed to show that the district court's justification for the imposed sentence was insufficiently compelling. *See Smith*, 440 F.3d at 707. Consequently, the judgment of the district court is AFFIRMED.